98 F.3d 1341
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Buster CHANDLER, Plaintiff-Appellant,
v.
Walt CHAPLEAU, Warden; Elizabeth W. Chandler; Don Green;
David R. Masker; Catherine Berla, Defendants-Appellees.
 No. 95-6615.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1996.
 
 1
 Before: MARTIN, Chief Judge; BROWN, Circuit Judge; McCALLA, District Judge.*
 
 ORDER
 
 2
 Buster Chandler, a Kentucky prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Chandler sued a prison warden, three prison officials and a college student, in their individual and official capacities. Chandler asserted that: 1) the defendants violated his due process rights by placing him in administrative segregation without a hearing; 2) the defendants inflicted cruel and unusual punishment by placing him in an unsanitary stripped cell; 3) the defendants inflicted cruel and unusual punishment by allowing female officers to view him naked; 4) the defendants denied him access to legal services; and 5) the defendants conspired to violate his federal rights. Upon review of the defendants' motion and Chandler's reply, the district court granted summary judgment in favor of the defendants.
 
 
 4
 In his timely appeal, Chandler reasserts only his first two claims.
 
 
 5
 Initially, we note that the district court overlooked Chandler's claims enumerated four and five; however, we conclude that the omission does not warrant vacating the district court's judgment and remanding for further consideration because relief on the claims was implicitly denied. See Ford Motor Co. v. Transport Indem. Co., 795 F.2d 538, 543 (6th Cir.1986). Furthermore, Chandler has not raised these claims, nor his third claim, in his brief on appeal. Issues raised in the district court, but not on appeal, are considered abandoned and are not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). Thus, we need not review these claims, and restrict our review to only his first two claims.
 
 
 6
 Upon review, we conclude that the district court properly granted summary judgment to the defendants for the reasons stated in its opinion. Fed.R.Civ.P. 56(c); accord Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). First, Chandler's due process rights were not violated as he has no inherent constitutional right to remain free of administrative segregation, see Hewitt v. Helms, 459 U.S. 460, 468 (1983), and he has no state created liberty interest as administrative segregation imposes no "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). Second, an odorous cell without amenities does not constitute the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. See Knop v. Johnson, 977 F.2d 996, 1012, 1019 (6th Cir.1992) (citations omitted), cert. denied, 507 U.S. 973 (1993).
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation